IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANGELO WRIGHT,<br><br>                      Plaintiff,<br><br>v.<br><br>DR. BRUCE BURNHAM, DEPARTMENT OF CORRECTIONS, and JOHN DOES 1-5,<br><br>                      Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO CHANGE LOCATION OF HEARINGS**<br><br>Case No. 4:18-cv-00084-DN-DBP<br><br>District Judge David Nuffer |

The parties filed a Stipulated Motion to Change Location of Hearings ("Motion") requesting that all hearings be held in Salt Lake City, Utah as opposed to St. George, Utah.[1] The only basis identified in the Motion for this request is "for the convenience of the parties as counsel for all parties is located in Salt Lake County."[2] This is insufficient.

"A district court may order any civil action to be tried at any place within the division in which it is pending."[3] "Although the Tenth Circuit has not had occasion to set out standards for § 1404(c) intra-district transfers, courts within the circuit have relied on the factors developed under 28 U.S.C. § 1404(a), dealing with venue transfers."[4] These factors include: the plaintiff's choice of forum; the convenience and accessibility of witnesses and other sources of proof; the

---

[1] Docket no. 9, filed Jan. 3, 2019.

[2] *Id*. at 2.

[3] 28 U.S.C. § 1404(c).

[4] *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F.Supp.2d 1095, 1098 (D. Colo. 2006) (citing *Bitler v. A.O. Smith Corp.*, 2001 WL 1579378, at *1 (D. Colo., Dec. 10, 2001)); *see also Barr v. City of Albuquerque*, 2014 WL 11497832, at *2 (D. N.M., Oct. 16, 2014); *Broad Music, Inc. v. Rocky Mountain Rogues, Inc.*, 2011 WL 13175874, at *2 (D. Wyo., Apr. 28, 2011); *Lavin v. Lithibar Co.*, 2001 WL 1175096, at *1 (D. Kan., Sept. 19, 2001).

cost of making the necessary proof; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; and all other considerations of a practical nature that make a trial easy, expeditious and economical.[5] This analysis "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."[6]

An analogous framework is provided in the Federal Rules of Criminal Procedure which "require that prosecution must ensue in the district *where the offense occurred*, absent a statute or other procedure allowing for another venue."[7] The place of trial within that district must then be set "with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice."[8] These factors do not mention the convenience of counsel but refer only to others. And substantial discretion is given to balance any competing interests.[9]

Although the parties have stipulated to the change of court location,[10] they have not provided sufficient facts for an individualized determination that the change will be convenient and fair considering the above factors. The location of counsel, alone, is not enough. Therefore, the parties' Motion[11] is DENIED without prejudice. The next hearing has been set for February 25, 2019, in Salt Lake City.

---

[5] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

[6] *Id.* (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

[7] *United States v. Lewis*, 768 F.3d 1086, 1090 (10th Cir. 2014) (citing FED. R. CRIM. P. 18) (emphasis in original).

[8] FED. R. CRIM. P. 18.

[9] *Id.* at advisory committee's note to 2008 amendments.

[10] Motion.

[11] *Id.*

**ORDER**

IT IS HEREBY ORDERED that the parties' Motion[12] is DENIED without prejudice. The parties may file a renewed motion to change location of court hearings which contains facts to allow for an individualized determination of convenience and fairness.

Signed January 16, 2019.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[12] Docket no. 9, filed Jan. 3, 2019.